UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHINEMEREM N. NJOKU,<br><br>Plaintiff,<br><br>v.<br><br>PERFECT PRIVACY LLC,<br><br>Defendants. | Civil Action No.<br><br>17-12163 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Plaintiff opposes the motion. ECF No. 20. The Honorable Susan Davis Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, and for good cause shown, the Court recommends that defendant's motion to dismiss for lack of personal jurisdiction be **GRANTED**.

I.  **BACKGROUND**

Plaintiff alleges defendant published false and defamatory statements about plaintiff on the website www.chinemeremnjoku.com, thereby injuring this personal and professional reputations. Plaintiff brings this action pursuant to this Court's diversity of citizenship jurisdiction. Second Amended Complaint ("SAC") ECF No. 18 ¶ 10.[1]

---

[1] For the reasons set forth below, the Court finds subject matter jurisdiction is not sufficiently pleaded.

Plaintiff is a licensed attorney with a law firm in Elizabeth, New Jersey. *Id.* ¶ 7. The Second Amended Complaint ("SAC") alleges defendant "specifically created a website with Plaintiff's full name," and published false information in order to damage his reputation. *Id.* ¶ 21. Specifically, the website allegedly contained assertions that plaintiff "is known for posting Google paid ads to defame petroleum companies that won't do business with him or his criminal partner," and that plaintiff is a "career criminal, a scammer, a con-man and . . . runs an incompetent law firm." *Id.* ¶¶ 27, 28. The website also allegedly included plaintiff's photograph and professional online profiles. *Id.* ¶¶ 29, 30. According to the SAC, due to this website, plaintiff was denied an opportunity to apply for a job as a municipal prosecutor and lost the business of potential and existing clients. *Id.* ¶¶ 43-45, 48.

Plaintiff filed the initial Complaint in this Court on November 28, 2017. ECF No. 1. Defendant moved to dismiss that Complaint for lack of subject matter jurisdiction and personal jurisdiction, or in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. Plaintiff filed the First Amended Complaint on January 22, 2018, ECF No. 8, which defendant moved to dismiss on the same grounds. ECF Nos. 10, 11. In his opposition to that motion, Plaintiff moved for sanctions against defendant. *See* ECF No. 13. Plaintiff thereafter filed a Second Amended Complaint without consent or leave of Court, as required by Federal Rule of Civil Procedure 15, ECF No. 14, after which the Court held a telephone conference with the parties on February 22, 2018. During the conference, plaintiff agreed to withdraw his motion for sanctions and defendant consented to the filing of plaintiff's SAC, which was filed again on February 23, 2018. *See* ECF Nos. 17, 18. Defendant filed the instant motion to dismiss on March 2, 2018. ECF No. 19.

## II. DISCUSSION

Defendant moves to dismiss on the grounds that this Court lacks personal jurisdiction over it, or in the alternative, to dismiss Count II of the SAC for failure to state a claim. Defendant raises for the first time in its reply brief the issue of subject matter jurisdiction. *See* ECF No. 21. For the reasons set forth below, the undersigned recommends that the District Court find the SAC has not sufficiently pleaded subject matter jurisdiction and that plaintiff has not met his burden to show personal jurisdiction exists over defendant.

### A. Subject Matter Jurisdiction

#### 1. Legal Standard

A federal court is of limited jurisdiction and therefore, prior to adjudicating the merits of a case, it must independently assure itself that it has subject matter jurisdiction over the matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). A motion to dismiss for lack of subject matter jurisdiction may either attack the complaint as deficient on its face or "attack the existence of subject matter jurisdiction in fact." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge, such as defendant's asserts "that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008). On a facial attack, the court must accept the allegations of the complaint to be true. *Mortensen*, 549 F.2d at 891.

Where, as here, plaintiff asserts federal diversity jurisdiction, 28 U.S.C. § 1332, he bears the burden of establishing diversity of citizenship and the requisite amount in controversy. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Specifically, plaintiff must allege each party's citizenship and these allegations must show that all plaintiffs are completely diverse from all defendants. *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016). A

natural person's citizenship is determined by that person's domicile. *Emerald Investors Trust v. Gaunt Parsippany Ptnrs,* 492 F.3d 192, 207 n.24 (3d Cir. 2007). Allegations of a party's "residency" as opposed to "citizenship" or "domicile" are "jurisdictionally inadequate" to allege citizenship for diversity purposes. *See id.*; *McNair v. Synapse Grp. Inc.,* 672 F.3d 213, 219 n.4 (3d Cir. 2012) (explaining that the averments that appellants were "residents" of their respective states "are jurisdictionally inadequate in this diversity of citizenship case").

2. Discussion

Defendant argues the Court lacks subject matter jurisdiction, as plaintiff has not sufficiently pleaded his citizenship in the SAC. The Court agrees. The SAC merely states that plaintiff is "resident" of New Jersey, rather than a "citizen" or "domiciliary" of the state. *See* SAC ¶¶ 2, 3. As explained by the Third Circuit, those averments, are "jurisdictionally inadequate" to plead diversity of citizenship, and therefore, the Court does not have subject matter jurisdiction over the SAC. *McNair,* 672 F.3d at 219 n.4.[2] As explained below, the Court recommends a finding that the defendant is not subject to personal jurisdiction in this State and, accordingly, does not recommend plaintiff be given an opportunity to amend the complaint.

**B. Personal Jurisdiction**

1. Legal Standard

When a defendant challenges a Court's exercise of personal jurisdiction, the plaintiff bears the burden to prove that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330–31 (3d Cir. 2009). Where the district court does not hold an evidentiary hearing, plaintiff

---

[2] The Court notes that the issue of subject matter jurisdiction was raised by defendants twice prior to plaintiff's filing of the SAC and plaintiff has had multiple opportunities to cure this deficiency. Moreover, the Court may (and must) *sua sponte* consider throughout the pendency of an action its subject matter jurisdiction.

4

must establish only a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011). A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Once the motion is made, however, and plaintiff's allegations are challenged by affidavits or other evidence, "plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted); *see also Metcalfe*, 566 F.3d at 330 ("'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'") (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). Plaintiff must ultimately prove the existence of jurisdiction by a preponderance of the evidence, although such a showing is unnecessary at the preliminary stages of litigation. *LaSala*, 410 F. App'x at 476; *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016)

This Court exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales*, 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)). New Jersey's long-arm statute permits the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). "A court with general jurisdiction may hear *any* claim against that defendant," *id*, and the defendant's "contacts need not relate to the subject matter of the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, n.9 (1984). General jurisdiction over a defendant exists in the forum of an individual's domicile and the forum "in which [a] corporation is fairly regarded as at home."[3] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Specific personal jurisdiction, on the other hand, exists where the claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Helicopteros*, 466 U.S. at 414, n.8). The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully directed [its] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

When an intentional tort is alleged, the plaintiff may alternatively establish specific jurisdiction through the "effects test," pursuant to *Calder v. Jones*, 465 U.S. 783 (1984), which allows a court to "exercise jurisdiction over a non-resident defendant who acts outside the forum state to cause an effect upon plaintiff within the forum state." *Carteret Savings Bank v. Shusan*, 954 F.2d 141, 148 (3d Cir. 1992). This test requires plaintiff to demonstrate:

1) The defendant committed an intentional tort;

---

[3] Here, plaintiff does not argue that the Court has general personal jurisdiction over defendant, and therefore the Court need not reach that issue. *See* ECF No. 18 ¶¶ 11-16.

6

2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]

3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

### 2. Discussion

Where, as here, plaintiff alleges an intentional tort, personal jurisdiction may be established pursuant to the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). "Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). "To establish that the defendant 'expressly aimed' his conduct, the plaintiff has to demonstrate 'the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.'" *Id.* (quoting *IMO Indus.*, 155 F.3d at 266).

Plaintiff asserts that he "only needs to show that Defendant knew that Plaintiff was a resident of New Jersey at the time of the tortious conduct in order to satisfy the requirement that Defendant expressly aimed its tortious conduct in New Jersey." ECF No. 20 at 1. While defendant does not dispute that it knew plaintiff was located in New Jersey, established case law in this Circuit holds that contrary to plaintiff's assertion, "knowledge that the plaintiff is located in the forum . . . *alone* is insufficient to satisfy the targeting prong of the effects test." *IMO Indus.*, 155 F.3d at 266 (emphasis added). Rather, the Third Circuit holds that plaintiff must also "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* Plaintiff does not do so here. Plaintiff alleges only that defendant created a website that was

7

available online for users to discover.[4] The cases cited by plaintiff himself hold that such activity is insufficient in itself to confer jurisdiction, but that plaintiff must also allege specific activity targeting the State to confer jurisdiction on the forum.

In *Demetro v. National Association of Bunco Investigations*, the Court explained that "the maintenance of a passive informational website is insufficient to establish personal jurisdiction." Civ. No. 14-6521, 2017 WL 3923290, at *8 (D.N.J. Sept. 7, 2017) (citing *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 726 (3d Cir. 2009) ("[T]he mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction."); *Remick v. Manfredy*, 238 F.3d 248, 259 n.3 (3d Cir. 2001)). There, the Court held it had subject matter jurisdiction because the complaint asserted the defendant used "a New Jersey law enforcement officer[] to obtain information in the course of [his] work in New Jersey, in order to distribute that information to [defendant's] membership, which includes many law enforcement officers in New Jersey." *Demetro*, 2017 WL 3923290, at *9. Similarly, in *Christie v. National Institute for Newman Studies*, 258 F. Supp. 3d 494, 504 (D.N.J. 2017), the Court explained that "a plaintiff's choice to reside in New Jersey does not subject defendants to personal jurisdiction in New Jersey," but found specific jurisdiction existed because plaintiff's "claims arise from allegations that Defendants knowingly hacked Plaintiff's computer in New Jersey."[5]

---

[4] Defendant disputes that it was the source of the defamatory information, but their argument for this Court's lack of personal jurisdiction does not rest on this disputed fact. *See* ECF No. 19-1 at 6 n.1 (suggesting "Perfect Privacy is merely a domain name privacy registration service, with no connection whatsoever with the content on the offending website," and is therefore "immune[e] from state law actions under 47 U.S.C. § 230). Because this is not the grounds upon which defendant moves, the Court does not opine on the jurisdictional analysis if it were established that defendant did not in fact create the website, nor on the applicability of 47 U.S.C. § 230. Rather, for purposes of this Opinion, the Court assumes the allegations in the complaint to be true despite plaintiff's failure to rebut defendant's contrary assertions in an affidavit.

[5] Plaintiff also cites to two New Jersey cases, *Blakey v. Continental Airlines, Inc*, 164 N.J. 38 (2000) and *Goldhaber v. Kohlenberg*, 395 N.J. Super. 380 (App. Div. 2007). The Court finds

8

The Third Circuit holds that to satisfy the *Calder* effects test, a defendant must "'manifest behavior intentionally targeted at and focused on' the forum" which will typically "require some type of 'entry' into the forum state by the defendant." *IMO Indus.*, 155 F.3d at 265 (citations omitted). Here, plaintiff does not allege any specific activity demonstrating that defendant expressly aimed its alleged tortious conduct at the forum in the manner required to establish jurisdiction under the *Calder* effects test. Accordingly, the Court finds no grounds upon which to exercise personal jurisdiction over defendant.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss this action (ECF No. 19) for lack of subject matter jurisdiction and personal jurisdiction be **GRANTED**.[6] The parties are hereby advised that, pursuant to Fed. R. Civ. P. 72(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: May 14, 2018

*Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:   Clerk of the Court
cc:        Hon. Susan D. Wigenton, U.S.D.J.
           All Parties

---

these cases factually distinguishable, as the courts in those cases found the plaintiffs had sufficiently alleged the defendants had targeted the State.

[6] Because the Court finds it lacks jurisdiction over defendant, it need not reach the issue of whether Count II of the SAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

9